JOE BOROUGH, Appellee, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

**TRIAL: Instructions—Undue Emphasis—Contributory Negligence.** Instructions which single out some of many interwoven and related facts and circumstances bearing on the issue of contributory negligence, and give them undue prominence, are properly rejected.

**TRIAL: Instructions—Usurping Jury Function.** An instruction which attaches a legal effect to one of several interwoven and related circumstances is properly refused.

**NEW TRIAL: Verdict—Excessiveness—$12,075.** Verdict for $12,075, optionally reduced to $10,075, for personal injury, sustained.

*Appeal from Keokuk District Court.*—CHARLES A. DEWEY, Judge.

MARCH 4, 1924.

REHEARING DENIED JUNE 28, 1924.

ACTION for damages. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed on condition.*

*Devitt & Eichhorn* and *Stockman & Baker,* for appellant.

*C. C. Orvis, Hamilton & Beatty,* and *Talley & Snakenberg,* for appellee.

STEVENS, J.—This case is now before us on the third appeal. The first trial resulted in a directed verdict for the defendant, and reversal upon plaintiff's appeal. *Borough v. Minneapolis & St. L. R. Co.,* 184 Iowa 210. The second trial resulted in a verdict for plaintiff, and a reversal upon defendant's

appeal. *Borough v. Minneapolis & St. L. R. Co.*, 191 Iowa 1216. The third trial again resulted in a verdict in favor of plaintiff, and the defendant appeals. A full statement of the facts was made in each of our former opinions, and also in *Snakenberg v. Minneapolis & St. L. R. Co.*, 194 Iowa 215, which arose out of the same accident. Briefly, the accident occurred at a railway crossing near Martinsburg, Iowa, about 10:30 P. M. on the evening of August 14, 1914. Plaintiff and two companions, Northup and Smithart, who were riding in a single buggy, approached the crossing from the south, and, while attempting to cross the same, the horse and buggy were struck by a westbound passenger train on the main track. There is a switch or passing track immediately south of the main track. The distance between the nearest rails of the two tracks is about 11 feet. As appellee and his companions approached the crossing, they observed a freight train on the switch, or passing, track, which train had been cut so as to admit passage over the crossing. The horse and Smithart, the driver, were killed in the collision, the buggy demolished, and appellee claims to have suffered serious permanent injuries. Northup, observing that a collision was imminent, jumped from the buggy, and was but slightly injured. A verdict and judgment in *Snakenberg v. Minneapolis & St. L. R. Co.* for the defendant was affirmed upon appeal.

Except appellant's contention that the verdict is excessive, all of the errors assigned are predicated upon the instructions given and the refusal of the court to give a large number of instructions requested by appellant. Many of the matters argued were involved upon the former appeals, and what is there said is determinative of them.

Appellant requested the court, in effect, to instruct the jury that, if the injuries complained of were the result of the joint negligence of appellant and appellee, then no recovery could be had. The court, in a number of its instructions, fully defined contributory negligence, as applied to the facts of this case. The substance of the requested instruction was, in effect, repeatedly stated by the court.

Requested Instructions Nos. 3, 4, 14, 15, 16, and 17 all dealt

with the subject of contributory negligence. In each of them, appellant sought to call the particular attention of the jury to facts and circumstances appearing in the evidence, and, if given, they would have tended to unduly emphasize such facts and circumstances to the jury. The material substance of the requested instructions was fully incorporated in the court's charge to the jury. Some of the instructions given were more favorable to appellant than was justified by the decisions of this court. The court peremptorily instructed the jury that the three occupants of the buggy were engaged in a joint enterprise, and that:

1. TRIAL: instructions: undue emphasis: contributory negligence.

"Any act of negligence, if any, on the part of any one of said three persons which contributed in any manner to the injury complained of would be, in law, the negligence of all three of them."

This thought is embodied in some of the instructions referred to above. The language of the court was somewhat less emphatic than the language of the requested instructions, but the subject of contributory negligence was fully covered by the instructions given.

Appellee testified that, just before the engine struck the buggy, the freight train was suddenly, violently, and without warning closed up. It is not wholly clear from the evidence just how the movement of the freight train contributed to the accident, but it was a part of the circumstances; and the time that intervened between the time when appellee and his companions went upon the crossing and the closing up of the freight train and the collision, could not have exceeded a very few seconds.

In another instruction, appellant requested the court to instruct the jury that, although it found that the freight train was closed up without warning, nevertheless, if the evidence further showed that the rig in which the parties were riding was struck by the passenger train just as the horse stepped onto the main-line track, then the closing up of the freight train without warning could not be said to have been the proximate cause of the in-

2. TRIAL: instructions: usurping jury function.

juries, and should be disregarded. Clearly, this instruction was properly refused. The question was for the jury, and it was not the province of the court to indicate what effect should be given to the testimony on this point. The court included in its charge to the jury a clear and succinct statement of the negligence complained of. It is quite conceivable that the movement of the freight train not only added to the confusion that must have resulted from the sudden discovery by the occupants of the buggy of the rapid approach of the passenger train and the threatened collision therewith, but also seriously interfered with the possibility of escape. As stated, the distance between the nearest rails of the main and the passing track was only 11 feet. Clearly, the requested instruction was properly refused.

Paragraphs 1 and 3½ of the court's charge are excepted to on the ground that they do not correctly state the issues, and that they are in part in conflict with Instruction No. 2. The statement of the issues is somewhat involved, but not to such an extent as to have been likely to confuse or mislead the jury. Instruction No. 3½ and also No. 7 submitted to the jury, as one of the grounds of negligence, the failure of appellant to ring the bell or sound the whistle on the passenger train as it approached the crossing. It is contended that this issue is wholly without support in the evidence. The greater number of the witnesses testified that the whistle was blown, but there is sufficient to the contrary to raise a conflict in the evidence. This being true, the instructions are not in this particular erroneous. Further exceptions are urged to Instruction No. 7, but they are without merit.

Paragraphs 9, 16, 18, and 23 are also assailed by counsel in argument. These instructions all bear on the question of contributory negligence. We have read, examined, and analyzed all of them with care. Courts rarely attain perfection in instructing juries. No doubt, the thought embraced in each of these instructions might have been conveyed to the jury by a great variety of expression, and possibly some of the language of the court is susceptible of improvement; but, taken as a whole, the instructions on this subject were favorable to appellant. Nothing has escaped the vigilance and skill of counsel,

but none of the exceptions lodged against these instructions disclose grounds for reversal.

Instruction No. 25 related to the consideration to be given mortality tables. The instruction standing alone may be slightly faulty, but, when read in connection with the preceding paragraph, it would seem to be sufficient, and incapable of misleading the jury. To set out all of the instructions requested and those given by the court upon its own motion that are criticized by counsel would extend this opinion to a greater length than the questions involved fairly justify. We have therefore deemed it sufficient to state generally our conclusion. No point argued by appellant has been overlooked by the court in the consideration of the case. We find no reversible error in the instruction upon the defendant's appeal.

But one question remains for consideration. That is the claim of appellant that the verdict is excessive. The verdict upon the last trial was $15,075, and upon the prior trial $16,000. The court reduced it to $12,000. A careful consideration of the evidence describing appellee's injuries has led us to the conclusion that the verdict should be further reduced in the sum of $2,000. The injuries suffered by appellee consisted of one broken bone of each leg, an injury to the shoulder, which interferes somewhat with the movement of the arm upward, and a depression in the skull. Appellee was confined in the hospital for several weeks, and for several months thereafter walked with the aid of crutches. Owing to a defect in the union of one of the fractured bones, one leg is slightly shortened. The evidence that his injuries will permanently disable him so as to prevent him from following his calling as a farmer is not very persuasive. If appellee will file his election in writing, consenting to a reduction of the verdict to $10,000, within 30 days after the date of the filing of this opinion, the judgment of the court below will be affirmed; otherwise it will be reversed.—*Affirmed on condition.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.